```
                                                    Filed
1  Mary Elizabeth Conn CBA #224597                  NOV 2 0 2007
2  MARY E. CONN & ASSOCIATES
   55 River Street Ste. 100                         RICHARD W. WIEKING
3  Santa Cruz, CA 95060                             CLERK, U.S. DISTRICT COURT
                                                    NORTHERN DISTRICT OF CALIFORNIA
   Telephone: (831) 471-7103                        SAN JOSE
4  Fax: (831) 426-0159
5  Attorney For Defendant GREGORY LAMERE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 06-00787 JF |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | STIPULATION AND (~~PROPOSED~~) |
| | ) | ORDER TO CONTINUE AND |
| | ) | EXCLUDED TIME PURSUANT |
| | ) | TO SPEEDY TRIAL ACT |
| GREGORY LAMERE, | ) | |
| Defendant. | ) | |

TO THE HONORABLE ~~RONALD WHYTE~~: JEREMY FOGEL:

Defendant ~~Jose Soler~~ Gregory Lamere, through his counsel, Mary Elizabeth Conn, and Assistant United States Attorney Susan Knight stipulate and agree that time shall be excluded from November 21, 2007 through January 9, 2007 pursuant to 18 U.S.C. §§ 3161 (h)(8)(A) and (B)(iv), the Speedy Trial Act, in that the ends of justice served by the continuance requested outweigh the best interest of the defendant and public in speedy trial because the failure to grant such a continuance would deny the defense the time necessary for effective preparation, taking into account the exercise of due diligence.

The parties request that the date of January 9, 2007 at 9:00 AM be set for status of Mr. Lamere, and that the date of November 16, 2007, currently set, be vacated for the



11/16/2007  15:00  8314260159  US ATTORNEY OFFICE  Fax  BOROFF SMITH ET AL  Nov 16 2007 02:58pm P002/002  PAGE 03/04

reasons set forth below.

The parties stipulate and request that the Court find the following as a factual basis for excluding the time pursuant to the Speedy Trial Act:

(1) Parties request additional time to effectively prepare and investigate the facts surrounding this matter.

(2) Counsel for the Defendant is unable to appear in court on November 21, 2007. Counsel is scheduled for a jury trial on that date in Santa Cruz County.

An exclusion of time is necessary to afford the government time to complete the discovery process and to permit the defense to adequately assess the discovery and make informed decisions regarding any possible trial in this case.

For these reasons, the parties agree that a continuance is necessary to ensure that counsel is available and prepared to make informed decisions regarding the case, and denial of such a continuance would unreasonably deny the defendant effective case preparation pursuant to 18 U.S.C. § 3161 (h)(8)(A) and 3161 (h)(B)(iv).

Dated: November 16, 2007

Respectfully submitted,
MARY E. CONN & ASSOCIATES

Mary Elizabeth Conn,
Attorney for Defendant GREGORY LAMERE

SCOTT N. SCHOOLS
United States Attorney

Susan Knight, AUSA

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 06-00787 JF |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER EXCLUDING TIME |
| | ) | PURSUANT TO SPEEDY TRIAL ACT |
| | ) | |
| | ) | |
| GREGORY LAMERE, | ) | |
| | ) | |
| Defendant. | ) | |

FOR THE REASONS SET FORTH ABOVE IN THE STIPULATION BETWEEN THE PARTIES, THE COURT INDEPENDENTLY FINDS, IT IS HEREBY ORDERED that hearing is continued and the time from November 16, 2007 to January 9, 2008 is excluded from the Speedy Trial Act requirements of Title 18, United States Code, Section 3161 pursuant to Title 18, United States Code, Sections 3161(h)(8)(A) and 3161(h)(8)(B)(iv). The Court finds that the time is excludable in that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: 11-15-07

_____
UNITED STATES DISTRICT JUDGE